IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06cv715 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | |
| ST JAMES MANOR APTS., et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on filing no. 2, the Motion to Proceed in Forma Pauperis ("IFP") filed by the plaintiff, Richard Jackson. Because the plaintiff qualifies to proceed IFP, filing no. 2 is granted.

    The plaintiff resides at St. James Manor Apartments, a low-income apartment complex in Omaha, Nebraska, in which the U.S. Department of Housing & Urban Development ("HUD") subsidizes rentals. Catholic Charities owns the property, and defendants-Bill and Deb Lang manage the premises - allegedly very badly, from the perspective of the tenants. The complex is inhabited predominantly by low-income persons of African-American descent. The plaintiff describes dangerous, filthy and deteriorating conditions on the premises; criminal activity, including at least one murder and one rape; efforts by the tenants to organize and present grievances, which have been met with retaliation, discrimination and harassment by the managers and/or owners of the complex; and dereliction of duty by the purported security guard who is supposed to protect tenants. Allegedly, the plaintiff has been taunted by the apartment managers or the security guard that he "has no rights" because the property is privately owned. However, the plaintiff doubts the accuracy of that information where federal funds are involved.

    Construed liberally, the complaint alleges claims under the First Amendment to the United States Constitution (discrimination and retaliation against the plaintiff for his constitutionally protected speech) and possibly the Fair Housing Act ("FHA"), 42 U.S.C.§§ 3601-3631 (Title VIII of the Civil Rights Act of 1968),[1] and other civil rights statutes and

---

[1]The Fair Housing Act, commonly referred to as Title VIII, was passed "to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. The Act makes it unlawful to "make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." Id. § 3604(a). In 1988, Congress extended parts of the FHA to include people with disabilities. Community Services, Inc. v. Wind Gap Mun. Authority, 421 F.3d 170, 176 (3d Cir. 2005). The FHA imposes an "affirmative duty" on the federal government and the grantees of federal

federal constitutional provisions.

On the other hand, the plaintiff may find a quicker and more effective remedy for his concerns simply by reporting them to the Omaha office of HUD or the Regional Director of HUD in Kansas City. At any rate, this case need not be summarily dismissed on initial review, and the plaintiff must now complete the forms for service of process on the named defendants. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes and returns the forms.

IT IS THEREFORE ORDERED:

1. Filing no. 2, the plaintiff's Motion for Leave to Proceed In Forma Pauperis, is granted.

2. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send FOUR summons forms and Form USM-285s to the plaintiff (one of each for each defendant), together with a copy of this Order.

3. The plaintiff shall, as soon as possible, send the completed summons and USM-285 forms back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur. The plaintiff must provide an address for each party to be served. The U.S. Marshal and the court will not fill in a defendant's address on the forms. Often a public library can assist pro se litigants in obtaining an address of corporate headquarters for a corporation, if needed. Only one defendant may appear on each form. A defendant may be served at an address where the defendant can personally be found and will accept service of process himself/herself or through a person authorized to receive a summons on his or her behalf.

4. Upon receipt of the completed forms, the Clerk of Court will sign each

---

housing funds to "administer their programs and activities relating to housing and urban development ... in a manner affirmatively to further the purposes [of the Act]." Id. § 3608(d).

Even without actual racial animus, Title VIII will support an "impact" claim. "[T]he consensus among the circuits that have discussed this issue in the housing context is that the Fair Housing Act prohibits actions that have an unjustified disparate racial impact, and we find their reasoning persuasive." Langlois v. Abington Housing Authority, 207 F.3d 43, 49 (1st Cir. 2000). Thus, "'at least under some circumstances,' a plaintiff can prevail without proving intent to discriminate." Hispanics United of DuPage County v. Village of Addison, 988 F. Supp. 1130, 1151 (N.D. Ill. 1997) (citation omitted). Accord 2922 Sherman Ave. Tenants' Ass'n v. District of Columbia, 444 F.3d 673, 679 (D.C. Cir. 2006) ("[E]very one of the eleven circuits to have considered the issue has held that the FHA similarly prohibits not only intentional housing discrimination, but also housing actions having a disparate impact.").

summons and forward the forms, together with a copy of the complaint, to the U.S. Marshal for service of process. The court will copy the complaint for the Marshal. The Marshal shall serve each summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the Marshal's discretion.

5. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, on the court's own motion, an extension 90 days from the date of this order to complete service of process. The plaintiff is hereby notified that failure to obtain service on a defendant within 90 days may result in dismissal of this matter as to such defendant.

6. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall notify the court.

7. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

8 The plaintiff shall include with each document submitted to the court a "**Certificate of Service**" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. **If the plaintiff does not include a Certificate of Service indicating that a copy of a communication to the court has been sent to the other parties to the case, the court will issue a Notice of Deficiency and may strike the plaintiff's communication from the record.**

9. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

11. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

12. IMPORTANT NOTE: **Any pleading, letter or motion filed by the plaintiff with the court must bear the plaintiff's original signature.**

DATED this 29th day of January, 2007.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge

INSTRUCTIONS: SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1. A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2. A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s). The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3. Do not copy your complaint to attach to the summons; the court will do that for you.

4. You may serve only defendant(s) named in the case caption of the complaint. If you want to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5. Be sure to print your case number on all forms.

6. You must give an address for the party to be served. The U.S. Marshal will not know a defendant's address.

7. Where a summons form states: "You are hereby summoned and required to serve on plaintiff's attorney" print your name and address.

8, Where a form 285 states: "send notice of service copy to requestor at name and address" print your name and address.

9. Where a form 285 calls for "signature of attorney or other originator" provide your signature and date the form.

10. Leave the last part of the summons form blank. The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.