```
               IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| RICHARD JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV715 |
| | ) | |
| v. | ) | |
| | ) | |
| ST. JAMES MANOR APTS., | ) | MEMORANDUM AND ORDER |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion on review and in addition, on the plaintiff's several pending motions. Having reviewed the entire case file and all the documents on file, I conclude that plaintiff has failed to state a claim on which relief may be granted.[1]

Plaintiff filed this case in November, 2006 alleging various complaints against St. James Manor Apartments, Bill Lang, Deb Lang, and Wayne Kohl (later corrected to Martin Kohl, Filing 17) arising from his tenancy in St. James Manor Apartments. He was granted leave to proceed In Forma Pauperis. Filing 4. Service of summons was obtained on the three properly named defendants, but not upon defendant Kohl. Filings 6-9. Plaintiff was granted leave to file an amended complaint naming Martin Kohl as defendant, which he has done. Filing 21. Defendant Martin Kohl has subsequently been served with summons. Filing 25.

---

[1] Case 8:06cv715 is before me on the consent of the parties. See 28 U.S.C. 636©. Filing 29. The companion case 8:07cv144 is not a consent case, and it is assigned to the Hon. Richard G. Kopf, United States District Judge. While the two cases appear to raise the same set of grievances, the latter case names two defendants not named in this case, Kim Lee and Lonnie Johnson. Service of process has not been accomplished on those two defendants.

Plaintiff's motion for appointment of counsel was denied.  Filing 24.  All defendants have answered, filings 11 and 26, and all answers have raised the defense of failure to state a claim on which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

> 28 U.S.C. § 1915(e)(2)(B) provides in pertinent part:
>
> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>> (B) the action or appeal--
>>
>>> (ii) fails to state a claim on which relief may be granted[.]

The Supreme Court has acknowledged that this statutory provision added "failure to state a claim" as "grounds for *sua sponte* dismissal of in forma pauperis cases."  Jones v. Bock, ___ U.S. ___, 127 S. Ct. 910, 920 (2007).  Similarly, the Eighth Circuit Court of Appeals has determined that "a district court may dismiss an action filed in forma pauperis 'at any time' if the court determines that the action fails to state a claim on which relief may be granted."  Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996).  See also, Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-206 (2nd Cir. 2002) (affirming *sua sponte* dismissal of in forma pauperis non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)).

Broadly and very liberally construed, the plaintiff's allegations are that he was discriminated against and retaliated against because he filed a complaint about the conditions of the apartment complex with the Department of Housing and Urban Development.  His allegations, however, do not state facts addressing the elements of such a claim.

2

The Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, prohibits discrimination in the providing of housing to any person because of race, color, religion, sex, familial status, national origin, or disability.  Section 3604(a); *Community Services, Inc. v. Wind Gap Mun. Authority*, 421 F.3d 170, 176 (3d Cir. 2005).  In addition, it is unlawful to interfere with a tenant's exercise of his rights under the Fair Housing Act or the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*.  See 42 U.S.C. § 3617 (unlawful to coerce, intimidate, threaten, or interfere with any person in exercise or enjoyment of any right granted or protected under §§ 3603-3606 of FHA); *Sherman v. Runyon*, 235 F.3d 406, 409-10 (8th Cir.2000) (to be engaged in protected activity under Rehabilitation Act, person must have been protesting what he perceived as discriminatory acts); *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1025 (8th Cir.1999) (elements of ADA retaliation claim include (1) plaintiff engaged in statutorily protected activity; (2) defendant took adverse action against plaintiff; and (3) causal connection exists between adverse action and protected activity); *Allison v. Dep't of Corr.*, 94 F.3d 494, 497 (8th Cir.1996) (cases interpreting ADA and Rehabilitation Act are effectively interchangeable). *Cf. Harris v. Itzhaki*, 183 F.3d 1043, 1050-52 (9th Cir.1999) (holding in summary judgment case that tenant established *prima facie* FHA claim where she presented evidence that she suffered emotional distress and feared eviction due to notices she received in alleged retaliation for complaining about racially insensitive remarks; tenant's damages claim was not barred simply because she moved from her apartment and was not evicted).  *Neudecker v. Blisclair Corp.*, 351 F.3d 361 (8th Cir. 2003) (per curiam) (Allegations of threats to evict because of tenant's complaints of disability harassment stated a claim).

3

The allegations of the plaintiff's complaint are not clear by any means. They appear to allege in general terms that the plaintiff made a complaint to Housing officials concerning the condition of his apartment and the failure of the defendants to maintain the property, and as a result of and in retaliation for such complaint, the defendants engaged in harassment of him and his family. The allegations, however, are not specific enough to clearly state what, exactly, the plaintiff's claims may be. He does not specify, for example, the date or nature of his complaint to housing officials, nor whether the defendants ever knew of his complaint, nor how their actions were taken in retaliation against him for the complaint, that is, a "causal connection" between his protected activity and the acts of the defendants. In the absence of such allegations, his complaint fails to state a claim for retaliation. *Cf*. Amir, supra.

In addition, although he appears to allege racial discrimination and perhaps disability discrimination, his allegations do not set forth specific actions by the defendants which demonstrate any such discrimination. To state a claim, plaintiff must demonstrate that some adverse action was taken against him because of his race or disability, when similarly situated persons of other races or without disability who engaged in the same acts as plaintiff did not suffer the same adverse actions from defendants.

I shall grant plaintiff an opportunity to file a second amended complaint which sets forth his allegations sufficiently to state a claim on which relief may be granted. In the absence of his filing such an amended complaint, however, this case is subject to dismissal.

4

Plaintiff has also recently filed a number of motions, none of which is properly supported by a brief or evidence. Filing 30 is a motion for leave to file an amended complaint. I shall deny that motion at this time because the additional information plaintiff seeks to allege may be included in plaintiff's second amended complaint. Filing 31 is a motion for damage and questions. It is an improper motion, as plaintiff must allege his damages with specificity in his second amended complaint, and the questions raised are not a proper pleading nor anything the court can answer. Filing 32 is a motion for Tenant Right and Fair Housing Law. It is also not a proper motion, as it does not seek any relief. Finally, plaintiff's Motion for Witness, filing 33, is not asking the court for any relief and so it is also improper. He may serve defendants' counsel with his list of witnesses, but they need not be filed at this time. Plaintiff is directed to the local rules of this court, specifically NECivR 7.1 for instructions on how to file motions.

IT THEREFORE HEREBY IS ORDERED,

1. Plaintiff's motions, filings 30, 31, 32, and 33 are denied.

2. Plaintiff is given until September 21, 2007 to file a second amended complaint which states a claim on which relief may be granted, in the absence of which this matter is subject to dismissal.

DATED this 8th day of August, 2007.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge